(18 App. Div. 309.)

In re VAN HOUTON'S ESTATE.

In re PYE et al.

(Supreme Court, Appellate Division, Second Department. June 15, 1897.)

EXECUTORS AND ADMINISTRATORS—REVOCATION OF LETTERS.
     An order revoking letters testamentary will be reversed where it appears to have been founded in part on the refusal of the executor to account as to a matter for which he was not accountable.

Appeal from surrogate's court, Rockland county.

Application by Isaac E. Pye and others for the revocation of letters testamentary issued to Erastus Van Houton, as executor of the will of Edward G. Van Houton, deceased. The application was granted, and the executor appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Garrett Z. Snider, for appellant.
John M. Perry, for respondents.

BRADLEY, J. The order revoking letters appears to have been founded in part upon the refusal of the executor to account for the profits realized by him in carrying on the livery business. While we do not hold that there may not have been sufficient cause other than that, to permit the surrogate to make the order, it cannot be seen that such fact did not have some, or a controlling, influence upon the result. And as we determined upon review of the surrogate's decree in the accounting proceeding that the executor was not required to account for such profits, the order appealed from, so far as it revokes his letters testamentary, should be reversed, without prejudice to the right of the respondents to renew the application for the revocation of them. Let the proceeding be remitted to the surrogate's court to proceed therein. All concur.